IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARMEN TALAVERA, )
)
        Plaintiff, )
)
v. ) Case No. 09-2572-JWL
)
SOUTHWEST MEDICAL CENTER, et al., )
)
        Defendants. )
)
_____)

## **MEMORANDUM AND ORDER**

In this diversity action, plaintiff Carmen Talavera asserts medical negligence claims against defendant Southwest Medical Center ("Southwest") and various medical professionals relating to her treatment at Southwest, in Liberal, Kansas, from November 9 to November 16, 2007. This matter presently comes before the Court on Southwest's motion to dismiss the claims against it for lack of subject matter jurisdiction (Doc. # 65). The Court agrees that plaintiff filed this suit before her administrative claim was denied by Southwest or could be deemed denied, in violation of K.S.A. § 12-105b(d). Accordingly, Southwest's motion is **granted**, and plaintiff's claims against it are hereby dismissed.

Plaintiff has alleged in her complaint that Southwest is a "municipality" for purposes of the Kansas Tort Claims Act (KTCA). *See* K.S.A. § 12-105a(a). Therefore, before plaintiff could assert its tort claims against Southwest in this action, she was

required to provide written notice to Southwest of her claim, pursuant to the KTCA, K.S.A. § 12-105b(d). Subsection 12-105b(d) provides in relevant part as follows:

> Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: [listing required contents]. In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim. . . . Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of the claim, whichever occurs first. A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period. No person may institute an action against a municipality unless the claim has been denied in whole or part. Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, a claimant shall have no less than 90 days from the date the claim is denied or deemed denied in which to commence an action.

*Id.*

With its motion, Southwest has submitted a letter from plaintiff's counsel to Southwest, dated September 30, 2009, by which plaintiff provided notice of her claim pursuant to section 12-105b of the KTCA.[1] Southwest did not respond to that notice, and

---

[1] In ruling on a challenge to its subject matter jurisdiction, the Court may consider evidence beyond the complaint without converting the motion to one for summary judgment. *See Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). Plaintiff does not dispute that she sent her written notice to Southwest on September 30, 2009; therefore, the Court accepts that fact in ruling on the present motion.

plaintiff subsequently filed the instant lawsuit on November 6, 2009. Based on that timing, Southwest argues that plaintiff's claims against it must be dismissed for lack of subject matter jurisdiction, based on the fact that plaintiff filed her suit before her claim was denied by Southwest or could be deemed denied by the passage of 120 days after her September 30 notice. *See Dodge City Implement, Inc. v. Board of County Comm'rs of County of Barber*, 288 Kan. 619, 639 (2009) (compliance with notice statute is prerequisite for jurisdiction over claims against municipality under KTCA).

Plaintiff first argues that, under subsection 12-105b(d), she need show only substantial compliance with the statute's requirements, and that she has substantially complied because the purpose of the notice requirement—making the municipality aware of the details of the claim and allowing it time to investigate that claim before suit is filed—have been satisfied here. *See Smith v. Kennedy*, 26 Kan. App. 2d 351, 361 (1999) (stating legislative intent of section 12-105b). The text of the statute, however, does not support plaintiff's argument. Subsection 12-105b(d) provides that a claimant must "file a written notice" of her claim against a municipality before commencing an action under the KTCA, and after designating the proper recipients and contents of the notice, the statute states that "substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim." *See* K.S.A. § 12-105b(d). Thus, the "substantial compliance" standard applies only to the giving of notice (the "filing of the claim") under the statute. The statute then states that the KTCA action may not be commenced until the claim is denied or may be deemed denied (by the passage of 120

3

days) by the municipality; the statute does not state, however, that substantial compliance with the timing requirement is sufficient, and therefore there is no basis in the statute for applying that standard here.

Moreover, plaintiff has failed to cite to any Kansas case in which the "substantial compliance" standard has been applied to permit an action by a plaintiff who did not strictly comply with subsection 12-105b(d)'s timing requirement. To the contrary, in the recent case of *Steed v. McPherson Area Solid Waste Utility*, 43 Kan. App. 2d 75 (2010), the Kansas Court of Appeals applied the "substantial compliance" standard to the issue of whether the plaintiff submitted his notice to the proper recipient, but the court did not invoke that standard in considering whether he had complied with the timing requirement of subsection 12-105b(d). *See id.* at 86, 89-91. The Court thus concludes that, under Kansas law, strict compliance with the timing provision of K.S.A. § 12-105b(d) is required. Because plaintiff filed her suit before Southwest denied her claim and within 120 days of the written notice of her claim, plaintiff failed to comply with the jurisdictional prerequisite for an action against a municipality.

Plaintiff next argues that the Court should deny the motion to dismiss because Southwest has failed to demonstrate any prejudice. For that argument, plaintiff relies principally on *Smith* and its quotation from *Cook v. City of Topeka*, 75 Kan. 534 (1907). In *Cook*, which predates the statutory "substantial compliance" standard, the court, in holding that "precise exactness is not absolutely essential" with respect to the details of the notice of claim to a city, concluded that the notice had accomplished the object of the

4

statute because it reasonably complied with the requirements and the city was not "misled to its prejudice by any defects of description of the place where the accident happened." *See Cook*, 75 Kan. at 536, *quoted in Smith*, 26 Kan. App. 2d at 355-56. In *Smith*, the court quoted that case in reviewing the history of the "substantial compliance" standard, which the legislature eventually added to the notice statute. *See Smith*, 26 Kan. App. 2d at 355-58. The reference to "prejudice" by the *Cook* court in 1907 related only it application of a "reasonable compliance" standard with respect to the contents of the notice. As noted above, the "substantial compliance" standard in the present statute applies only to the filing of the written claim with the municipality, and not to the timing of the commencement of the plaintiff's KTCA action. Plaintiff has not cited any case in which a court applied a no-prejudice exception to the timing requirement of subsection 12-105b(d). This Court therefore will not read such an exception into the statute, and plaintiff's argument is rejected.[2]

Accordingly, under Kansas law, the Court did not acquire jurisdiction over plaintiff's claims against Southwest when plaintiff initiated this action. The issue then

---

[2]In its opposition brief, plaintiff argues that Southwest's motion is premature and she requests additional time for discovery with respect to the issue of whether Southwest was in fact still investigating her claim at time she filed suit. The Court denies this request. Plaintiff has not alleged or shown that Southwest in fact denied her claim before she filed suit, and the factual issue of when Southwest ceased investigating the claim or when Southwest decided to deny the claim has no bearing on this inquiry.

becomes whether the claims against Southwest must be dismissed or whether plaintiff may amend or supplement her complaint at this time to allege satisfaction of the notice requirements. (Plaintiff did not seek to amend after Southwest denied liability in its answer or after 120 days elapsed after her notice, and plaintiff has not requested leave to amend in her opposition brief.)[3] Because this issue is one of procedure, the Court looks to federal law for its resolution. *See Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005) (under *Erie* doctrine, in diversity cases substantive issues are controlled by state law while procedural issues are controlled by federal law). In *Duplan v. Harper*, 188 F.3d 1195 (10th Cir. 1999), the Tenth Circuit announced the general rule that a premature complaint under the Federal Tort Claims Act (FTCA), filed before the required notice and denial of the claim by the governmental entity, "cannot be cured through amendment, but instead, plaintiff must file a new suit." *See id.* at 1199 (quoting *Sparrow v. United States Postal Serv.*, 825 F. Supp. 252, 255 (E.D. Cal. 1993)). The Court reasoned as follows:

> Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system.

---

[3]This issue would seem to determine the ultimate result of plaintiff's claims against Southwest, as a new action against Southwest would be time-barred at this point. *See* K.S.A. § 60-513 (two-year statute of limitations for tort claims); *Gessner v. Phillips County Comm'rs*, 270 Kan. 78, 82 (2000) (failure to comply with notice requirement of K.S.A. § 12-105b may not be cured by application of the savings statute, K.S.A. § 60-518).

*Id.* (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993), and *Sparrow*, 825 F. Supp. at 255). Given that reasoning, and in light of the Kansas courts' consistent reference to premature KTCA complaints as *void ab initio*, *see Steed*, 43 Kan. App. 2d at 91 (citing *Christopher v. State ex rel. Kan. Juvenile Justice Auth.*, 36 Kan. App. 2d 697, 704 (2006)), the Tenth Circuit would likely apply the same rule under Kansas law. *See, e.g.*, *Phillips v. Humble*, 587 F.3d 1267, 1274 (10th Cir. 2009) (affirming dismissal based on failure to comply with K.S.A. § 12-105b's notice requirement); *Lara v. Unified Sch. Dist. # 501*, 350 F. App'x 280, 284-85 (10th Cir. 2009) (affirming dismissal based on failure to comply with section 12-105b's requirement that claim be denied before suit is filed).

Accordingly, plaintiff's failure to comply with the timing requirement of K.S.A. § 12-105b(d) compels the dismissal of her claims against Southwest for lack of subject matter jurisdiction, and the Court therefore grants Southwest's motion to dismiss.[4]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant Southwest Medical Center's motion to dismiss for lack of subject matter jurisdiction (Doc. # 65) is **granted**, and the claims against it are hereby dismissed.

---

[4] Because the claims against Southwest, the first-named defendant in plaintiff's complaint, are being dismissed, this case should henceforth be captioned *Carmen Talavera v. James Wiley, et al.*

IT IS SO ORDERED.

Dated this 28th day of July, 2010, in Kansas City, Kansas.

                                                      s/ John W. Lungstrum  
                                                     John W. Lungstrum  
                                                     United States District Judge